**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Merle CHAUSSEE, Defendant and Appellant.**

**No. Cr. 331.**

Supreme Court of North Dakota.

Dec. 17, 1965.

George E. Duis, Fargo, for appellant.

Helgi Johanneson, Atty. Gen., Bismarck, and Eugene A. Kruger, State's Atty., Fargo, for respondent.

TEIGEN, Judge.

This is an appeal by the defendant, Merle Lyle Chaussee, from a final judgment upon conviction of carrying a concealed weapon in violation of Section 62–03–01 of the North Dakota Century Code.

The facts in this case are not in dispute. The State's first witness, Lloyd Hanson, testified that he was a patron in the Brass Rail Bar on Main Avenue in Fargo, North Dakota, on December 18, 1964, at approximately 4:15 in the afternoon when the defendant, who had on a hat, topcoat, sport coat, and tie, "staggered" into the bar, sat down by him, and ordered a beer. In the process of paying for this beer, the defendant dropped some change on the floor, which Mr. Hanson helped him recover. Thereafter the defendant played the jukebox and, upon returning to the bar, he dropped something. Mr. Hanson testified that he did not see what the object was at that time; however, he observed the defendant bend over, retrieve it, stick it "in his pants," and then retire to the men's room. After his return from the men's room, the defendant stood in front of the bar, opened his coats, and adjusted an object in his belt, which Mr. Hanson then identified as a gun. A short time later Mr. Hanson left the bar and proceeded down the street to a drug store where he telephoned the police, identified himself, and related what he had seen.

Charles Hovden, a detective with the Fargo Police Department, testified that he received a telephone call from Mr. Hanson at approximately 5:15 p. m. on December 18, 1964, and, in response to this call, Policewoman Jennie Nelson and he went to the Brass Rail Bar. Detective Hovden testified:

"Mrs. Nelson and myself entered the bar and as we entered the bar we observed very few patrons in the bar, and to our immediate right as we entered the door we observed the defendant, who had been described to us, and immediately went over and identified myself and told him I was a police officer and at that time I asked him if he had a gun, and at the same time putting my right arm around his body and feeling of the gun on the left side of his waist."

The defendant was subsequently disarmed by Officer Wayne Olson who had been summoned by Policewoman Nelson to assist Detective Hovden.

There is but one specification of error advanced by the defendant on this appeal, viz., "That the Court erred in failing to suppress evidence obtained through unlawful and unreasonable search and seizure." This contention is predicated upon the fourth amendment to the United States Constitution and Section 18 of the Constitution of North Dakota, both of which are apparently identical in meaning. Section 18 of the North Dakota Constitution reads as follows:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized."

In Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777, Mr. Justice Black, speaking for the Supreme Court of the United States, observed:

"It is argued that the search and seizure was justified as incidental to a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. Weeks v. United States, 232 U.S. 383, 392, 34 S. Ct. 341, 344, 58 L.Ed. 652 (1914); Agnello v. United States, 269 U.S. 20, 30,

46 S.Ct. 4, 5, 70 L.Ed. 145 (1925). * * * The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime— things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control."

The defendant, however, does not argue that a search which is incidental to a lawful arrest is prohibited under the fourth amendment. Rather, he contends that the arrest in this instance was unlawful; and, as such, the search incident to such arrest was also unlawful. Defendant therefore contends the evidence produced by this search should have been suppressed.

Section 62–03–01 of the North Dakota Century Code provides, in part:

"Carrying concealed weapons or firearms prohibited.—No person, other than a police officer, shall carry concealed about his person any of the following weapons or firearms unless they are carried in the prosecution of or to effect a lawful and legitimate purpose:

* * * * * * *
2. Any gun or dangerous firearm whether the same is loaded or unloaded."

Section 62–03–03 of this same chapter makes a violation of this provision a felony.

Detective Hovden did not have a warrant for the defendant's arrest when he entered the Brass Rail Bar. The question thus presented is, could Detective Hovden lawfully arrest the defendant under the circumstances of this case?

Section 29–06–15, N.D.C.C., provides, in part:

"Arrest without warrant.—A peace officer, without a warrant, may arrest a person:

* * * * * * *
2. When the person arrested has committed a felony, although not in his presence;

3. When a felony in fact has been committed, and he has reasonable cause to believe the person arrested to have committed it;

4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested; or

* * * * * *"

■ We have held that the charge referred to in Subsection 4, supra, need not be written but may be made orally and informally, provided that it conveys to the officer information sufficient to constitute a reasonable cause for the charge. State v. Willms, N.D., 117 N.W.2d 84; Haggard v. First National Bank of Mandan, 72 N.D. 434, 8 N.W.2d 5. Furthermore, Section 29–06–24 of this same chapter imposes an affirmative duty upon the arresting officer to "take from the person arrested all offensive weapons which he may have about his person * * *."

■ The telling question for us is whether the information related to Detective Hovden by Mr. Hanson gave him "probable cause" within the meaning of the fourth amendment, and "reasonable cause" within the meaning of Section 29–06–15(3), N.D. C.C., to believe that the defendant was carrying a concealed weapon in violation of the law. If it did, the arrest, though without a warrant, was lawful and the subsequent search of the defendant's person and the seizure of the gun were validly made incident to a lawful arrest. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327.

■ We think this question must be answered in the affirmative. There is no

fixed formula for the determination of what is or is not a reasonable search. Each case must be decided on its own facts and circumstances. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. As the Supreme Court of the United States has aptly observed:

"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.

"'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' McCarthy v. De Armit, 99 Pa.St. 63, 69, quoted with approval in the Carroll opinion. [Carroll v. United States] 267 U.S. [132], at page 161, 45 S.Ct. [280] at page 288, 69 L.Ed. 543, 39 A.L.R. 790. And this 'means less than evidence which would justify condemnation' or conviction, as Marshall, C. J., said for the Court more than a century ago in Locke v. United States, 7 Cranch 339, 348, 3 L.Ed. 364. Since Marshall's time, at any rate, it has come to mean more than bare suspicion: Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543, 39 A.L.R. 790.

"These long-prevailing standards seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair lee-way for enforcing the law in the community's protection. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice." Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310, 1311, 93 L.Ed. 1879. (Footnotes omitted.)

This is not a case of a "faceless informer," condemned by Mr. Justice Douglas in Jones v. United States, 362 U.S. 257, 273, 80 S.Ct. 725, 4 L.Ed.2d 697. Rather, we deal here with a citizen who should be commended for apprising the authorities of a potentially, if not presently, dangerous situation. When he telephoned Detective Hovden, Mr. Hanson identified himself by name, then related what he had seen. He also provided a detailed description of what the defendant was wearing. Under these circumstances, Detective Hovden would have been derelict in the performance of his duties had he not pursued this information expeditiously. Detective Hovden and Policewoman Nelson arrived at the bar approximately five minutes after the telephone call. There were very few patrons in the bar at the time and they had no difficulty identifying the defendant according to the description they had received. Detective Hovden personally verified every facet of the information given him by Hanson, except whether the defendant had a concealed weapon on his person. Surely, under these circumstances, he had "reasonable grounds" to believe he also had a weapon concealed on his person.

The defendant contends that when Detective Hovden placed him under arrest he did so as a mere subterfuge for making a search of his person; that an arrest is not valid where the arrest is a mere subterfuge for making a search; and that any search made after such an arrest is unreasonable because it is not an incident to a lawful arrest.

■ Generally, we agree that an arrest may not be used as a pretext to search for evidence. State v. Govan, N.D., 123 N.W. 2d 110; United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877. In State v. Michaels, 60 Wash.2d 638, 374 P. 2d 989, upon which the defendant relies, Michaels was arrested for failing to signal for a left turn by officers who had been alerted to look for the automobile which he was driving. A search of the trunk of the automobile produced suitcases containing dice, magnets, magnetized dice, and other items. Michaels was subsequently prosecuted for illegal possession of gambling devices and convicted. In reversing his conviction, the Supreme Court of Washington concluded:

> " * * * In the present case there is no pretense that the arrest was made with any idea in mind except to gain access to the automobile and search it; and it is not claimed that the arresting officers had probable cause to believe the automobile contained illegal merchandise. A search of the automobile could reveal nothing useful in establishing the offense for which the defendant was arrested, and there was no reason to suspect that he would attempt to flee with the aid of something that might be found in the trunk of his car."

The facts and circumstances involved in this case are readily distinguishable, however. As we have already indicated, Detective Hovden had reasonable cause to believe that the defendant was carrying a concealed weapon, and this is the charge upon which the arrest and subsequent criminal information were based. Furthermore, a search of the defendant's person did disclose evidence upon which to establish the offense for which he was arrested, and there was adequate reason for Detective Hovden to believe that the defendant might assault him or others in the bar or effect an escape using the weapon.

We believe that Detective Hovden had probable cause and reasonable grounds to believe that the defendant was carrying a concealed weapon at the time he arrested him. The arrest was therefore lawful and the subsequent search and seizure, having been made incident to that lawful arrest, were likewise valid. It follows that the defendant's motion to suppress was properly denied, and that the seized weapon was competent evidence lawfully received at the trial.

Judgment of conviction is affirmed.

BURKE, C. J., and STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.