**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Wilmet Steven LORENZO, Jr.,
Defendant–Appellee.**

No. 88–1128.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 1988.

Decided Feb. 9, 1989.

Lawrence L. Tong, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellant.

Yvonne E. Chotzen, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellee.

Before HUG and KOZINSKI, Circuit Judges, and GRAY,* District Judge.

* Honorable William P. Gray, Senior United States District Judge for the Central District of California, sitting by designation.

**PER CURIAM:**

Appellee, Wilmet Lorenzo, Jr., was charged with drunk driving and illegal possession of a firearm, marijuana, and cocaine. The drugs and loaded weapon were found in Lorenzo's car by police officers who conducted a search of the vehicle after arresting Lorenzo for driving while intoxicated. The district court granted Lorenzo's motion to suppress all evidence uncovered by the search of the car. Additionally, it held that certain post-arrest statements made by Lorenzo must also be suppressed as tainted by the prior illegal search. The government appeals, asserting that, in reaching its decision on the suppression issue, the district court misinterpreted this circuit's opinion in *United States v. Vasey*, 834 F.2d 782 (9th Cir. 1987). We agree and therefore reverse and remand.

In *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the Supreme Court announced an exception to the general rule that the police may not conduct warrantless searches, holding that "a lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area." *New York v. Belton*, 453 U.S. 454, 457, 101 S.Ct. 2860, 2862, 69 L.Ed.2d 768 (1981) (summarizing *Chimel*). This "search incident to arrest" exception to the warrant requirement was further refined by the Court to deal with the specific problem of automobile searches incident to arrest in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). After noting that it is often difficult to determine what constitutes the immediately surrounding, "grabbable" area of an arrestee for purposes of applying *Chimel*, the *Belton* Court concluded that a bright line rule in the context of automobile searches incident to arrest would best serve the interests of both the police and the populace. *Id.* at 460, 101 S.Ct. at 2864. It therefore held

that the passenger compartment of a vehicle should be presumed to be within an arrested occupant's grabbable area and thus may always be validly searched without a warrant under *Chimel* as long as the search and the arrest upon which it is based are contemporaneous. *Id.*

This circuit had occasion to apply the tenets enunciated in *Chimel* and *Belton* in *United States v. Vasey*, 834 F.2d 782 (9th Cir.1987). In *Vasey*, the appellant was stopped by the police for speeding and subsequently arrested when a routine warrants check uncovered an outstanding felony drug warrant in his name. The officer on the scene—after arresting Vasey, patting him down, handcuffing him, and placing him in the patrol car—asked Vasey to consent to a search of his vehicle. Vasey refused. The officer, along with another law enforcement official who had joined him, then looked in the window of Vasey's car and saw a sealed container of pills. When questioned about the pills, Vasey claimed that they were a food supplement. Unconvinced, the officers decided to impound the car and inventory its contents. This "inventory" search ultimately took place somewhere between thirty and forty-five minutes after Vasey's arrest. *Id.* at 784.

The district court denied Vasey's motion to suppress the evidence uncovered by the car search on the ground that the search of the vehicle, though not a proper inventory search, could be upheld as a valid search incident to arrest. *Id.* at 785. We reversed, stating that, since the car was no longer within Vasey's grabbable area at the time of the search, a warrantless intrusion into the vehicle could not be justified under *Chimel*. *Id.* at 787. We further held that, even under the prophylactic rule announced in *Belton*, the search was constitutionally infirm because it had not taken place contemporaneously with the arrest. *Id.*

In the instant case, the district court read *Vasey* as combining *Chimel* and *Belton* to create a two-prong test that would require the search of a vehicle to be not only contemporaneous with the arrest (un-

der *Belton*), but also limited to the arrestee's actual grabbable area (under *Chimel*) in order to survive constitutional challenge. Such a test, however, was not contemplated by *Vasey*. Rather, the *Vasey* panel simply noted that the search in that case failed to meet the requirements both of the general *Chimel* test and its more specific *Belton* application. To interpret *Vasey* any differently would be to place this circuit at odds with current Supreme Court precedent.

Although the district judge in this case ultimately concluded that the search of Lorenzo's car was invalid under his reading of *Vasey*, he did make a specific finding that the search and Lorenzo's arrest were contemporaneous. This finding of contemporaneity is clearly supported by the record and is sufficient in itself to validate the search. *See Belton*, 453 U.S. at 460, 101 S.Ct. at 2864. Thus, the evidence uncovered by the officers' search of Lorenzo's vehicle need not have been suppressed. Further, Lorenzo's post-arrest statements, which were made pursuant to a valid *Miranda* waiver, were also admissible.

REVERSED AND REMANDED.