STATE of North Dakota, Plaintiff
and Appellee,

v.

Werner KUNKEL, Defendant
and Appellant.

Cr. No. 890300.

Supreme Court of North Dakota.

April 25, 1990.

Thomas L. Trenbeath of Fleming, Du-
Bois & Trenbeath, Cavalier, for defendant
and appellant.

Lewis C. Jorgenson, State's Atty., Devils
Lake, for plaintiff and appellee.

LEVINE, Justice.

Werner Kunkel appeals from a convic-
tion of accomplice to possession of a con-

trolled substance with intent to distribute, based on a conditional guilty plea. Kunkel challenges the order denying suppression of evidence seized during the searches of the van in which he was riding and his home.[1] We reverse and remand.

Late on the evening of November 28, 1988, the Devils Lake police department received a call from a known informant stating that Kunkel, Steven McGath and their girlfriends were due to arrive in Devils Lake in a van containing illicit drugs. The police consulted the Ramsey County state's attorney who concluded that this information did not furnish probable cause to support an application for a search warrant for the van. Instead, in order to gain access to the van, the police applied for an arrest warrant for McGath based upon a drug sale by McGath some eight months earlier. The next morning, the police, armed with the arrest warrant for McGath, stopped the van occupied by McGath, Kunkel and two women. At the time of the stop, one of the women was driving and Kunkel was in the front passenger seat. McGath, who owned the van, and his girlfriend were asleep in the back of the vehicle.

All of the occupants were ordered out of the van and patted down but no contraband was found on their persons. No search of the van was conducted at that time. McGath was arrested at the scene pursuant to the warrant. Kunkel and the two women were driven home. The van was impounded and towed to the Devils Lake Law Enforcement Center. There, police officers began a search of the vehicle. They found suspected marijuana in a film container, ceased the search and sought a search warrant for the van based upon their discovery. After the warrant was issued, the search continued and additional drugs were uncovered. Kunkel and the two women were subsequently arrested. Kunkel's residence was searched pursuant to another search warrant and other evidence was found there implicating Kunkel.

Kunkel moved to suppress all the evidence, asserting, inter alia, that the search and seizure of the van violated his fourth amendment rights as well as his rights under Article I, § 8 of the North Dakota Constitution.[2] His motion was denied. The trial court found that the officers sought the warrant for McGath's arrest "with the intent of executing it upon spotting him in his van, in the hope that they would thereby 'get lucky' and discover contraband therein." The court concluded, however, that such "cleverness" on the part of the police was not unconstitutional because the arrest of McGath, based on a warrant supported by probable cause, was not illegal. The court upheld the warrantless search of the van on two grounds: as a search incident to McGath's arrest and as a lawful inventory. Having concluded that McGath's arrest and the warrantless search of his van were valid, the trial court determined that the subsequent arrest of Kunkel and search of his residence were lawful as well.

■ The watchword of the fourth amendment is reasonableness. *State v. Dallman*, 441 N.W.2d 912 (N.D.1989). Generally, in order to be reasonable under the fourth amendment, searches must be supported by a warrant issued upon probable cause. *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). But a warrant is not an indispensable component of reasonableness in every circumstance. *See State v. Hensel*, 417 N.W.2d 849 (N.D.1988); *State v. Johnson*, 301 N.W.2d 625 (N.D.1981). A warrantless search is generally held to be reasonable if it fits within one of the "few specifically

---

1. Kunkel entered a conditional guilty plea under Rule 11(a)(2), NDRCrimP, reserving his right on appeal to challenge the denial of his suppression motion, and if he prevails in this Court, to withdraw his guilty plea.

2. In *State v. Hensel*, 417 N.W.2d 849, 853 n. 2 (N.D.1988), we declined to adopt a more "expansive view" of the protections afforded under the North Dakota constitution. Like Hensel, Kunkel has provided no arguments on the state constitution aside from his bare assertion that the search violated art. I, § 8 of that document. Given Kunkel's failure to brief the issue, we adhere to our statement in *Hensel* and treat the federal and state constitutional provisions synonymously.

established and well-delineated exceptions" to the warrant requirement. *United States v. Katz,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). *See State v. Johnson, supra.* A search of a vehicle incident to a valid arrest is an exception to the warrant requirement, *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), as is an inventory of property lawfully in police custody, *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

Kunkel maintains that neither exception applies to the warrantless search of the van in this case. He argues alternatively that the search of the van cannot be justified as a search incident to a lawful arrest because either the arrest of McGath was pretextual and, therefore, not lawful or the search was not incident to the arrest.

■ An arrest is pretextual when the police use the fact of an arrest based on probable cause as a device to investigate or search for evidence of an offense for which probable cause is lacking. *United States v. Trigg,* 878 F.2d 1037 (7th Cir.1989). *See State v. Chaussee,* 138 N.W.2d 788 (1965). We need not decide whether McGath's arrest was pretextual because even if it was not, we hold that the subsequent search of the van at the Law Enforcement Center was not incident to McGath's arrest.

■ Although a search of a vehicle, incident to a valid arrest, may be conducted without a warrant, there are limits on the authority of police to conduct such a search. *Belton, supra; Hensel, supra.* The search must, in fact, be incident to the arrest, judged by the standard of contemporaneousness. *Belton, supra,* 453 U.S. at 460, 101 S.Ct. at 2864. The exception to the warrant requirement does not apply if the search is removed in time or place from the arrest. *E.g., United States v. Pollack,* 895 F.2d 686 (10th Cir.1990); *United States v. Lorenzo,* 867 F.2d 561 (9th Cir.1989); *United States v. Vasey,* 834 F.2d 782 (9th Cir.1987); *Vale v. Louisiana,* 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970). *See also State v. Gagnon,* 207 N.W.2d 260 (N.D.1973). This is so because the rationale for the exception—the protection of the officers from assault with a weapon hidden in the vehicle and the prevention of destruction of evidence—does not apply once the vehicle or arrestee is removed from the scene of the arrest. *Cardwell v. Lewis,* 417 U.S. 583, 591–92 n. 7, 94 S.Ct. 2464, 2469–70 n. 7, 41 L.Ed.2d 325 (1974) [quoting *Preston v. United States,* 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964) ]; *Pollack, supra; Gagnon, supra,* 207 N.W.2d at 264.

In *State v. Hensel, supra,* we upheld a search of a vehicle conducted at the scene of the arrest. Although the arrestee had been handcuffed and placed inside the patrol car, the arrest and the search were nonetheless contemporaneous both as to time and location. We noted that Hensel's attempts to secrete evidence justified the scope of that search. 417 N.W.2d at 853 n. 3.

■ Unlike the situation in *Hensel,* here, the officers did not conduct a contemporaneous search of the van at the scene. Instead, they took McGath to headquarters, sent Kunkel and the two women home, and towed the van away. The search was conducted at the Devils Lake Law Enforcement Center sometime after the arrest; it was not contemporaneous, temporally or spatially, with the arrest of McGath. In fact, the police regarded the search as an inventory, not a search incident to arrest. *See,* n. 3, *infra* at 211. We hold that the search incident to arrest exception does not apply where, as here, the vehicle is searched at a place other than the scene of the arrest. *Pollack,* 895 F.2d at 693. *See United States v. Monclavo–Cruz,* 662 F.2d 1285 (9th Cir.1981).

The trial court also determined that the evidence was admissible because it was discovered pursuant to a valid inventory of the contents of the impounded vehicle. *Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *State v. Muralt,* 376 N.W.2d 25 (N.D.1985); *State v. Gelvin,* 318 N.W.2d 302 (N.D.1982). Kunkel argues that the inventory search of the van was unconstitutional because the

inventory was conducted for the purpose of criminal investigation rather than for the protection of property. We agree.

■ An inventory of property in police custody may not be used as a subterfuge for criminal investigation. *Colorado v. Bertine*, 479 U.S. at 372, 376, 107 S.Ct. at 742, 744; *South Dakota v. Opperman*, 428 U.S. at 376, 96 S.Ct. at 3100; *State v. Muralt*, 376 N.W.2d at 27.

■ In *South Dakota v. Opperman, supra*, the Supreme Court approved a warrantless search of an impounded vehicle when the inventory is a routine caretaking procedure rather than one motivated by investigatory purposes. *See also Colorado v. Bertine, supra*. The practice of securing and inventorying the contents of vehicles in police custody is predicated on the interest in protecting the owner's property while it is in police custody, protecting the police against claims of lost, stolen or vandalized property and protecting the police against danger posed by the inventoried property. *Bertine*, 479 U.S. at 372, 107 S.Ct. at 742; *Opperman; Muralt*, 376 N.W.2d at 26; *Gelvin*, 318 N.W.2d at 305; *State v. Stockert*, 245 N.W.2d 266, 269 (N.D.1976). Limited to these purposes, inventories conducted according to "reasonable police regulations relating to inventory procedures administered in good faith" are permissible under the fourth amendment. *Bertine*, 479 U.S. at 374 & n. 6, 107 S.Ct. at 742 & n. 6.

In *Muralt*, we upheld a warrantless search of a container in an impounded vehicle. *Muralt*, 376 N.W.2d 25. We held that the policies underlying the inventory search exception to the warrant requirement justified the search "so long as the purpose of the search is to make an inventory of the items now under police control and not to discover evidence of a crime." *Id.* at 27.

Thus, in *Muralt*, as in *Bertine* and *Opperman*, there was no showing that in conducting the inventory search the police "acted ... for the sole purpose of investigation." *Bertine*, 479 U.S. at 372, 107 S.Ct. at 742. That is not the case here. The officers candidly admitted that the purpose of seizing and inventorying the van was to search for drugs. The trial court found as much when it noted that, by seizing McGath's van, the police hoped to " 'get lucky' and discover contraband therein." Clearly, the impoundment and the inventory following McGath's arrest were tools of criminal investigation unrelated to the protection of property or the protection of police. *See Opperman*, 428 U.S. at 376, 96 S.Ct. at 3100. The inventory search was conducted to discover evidence of crime and not to fulfill a caretaking function.

■ But it is the caretaking function which legitimizes an inventory. Absent that justification, an inventory is unreasonable and is an impermissible warrantless search in contravention of the fourth amendment. *See Bertine*, 479 U.S. at 372, 107 S.Ct. at 742; *Opperman*, 428 U.S. at 376, 96 S.Ct. at 3100; *Muralt*, 376 N.W.2d at 27. Because the McGath van was impounded to search for evidence, the inventory exception to the warrant requirement does not apply and the warrantless search of the van was impermissible. Probable cause for the search warrant subsequently issued for the van was based exclusively upon the evidence illegally obtained in the warrantless search.[3] Illegally obtained evi-

---

3. The affidavit in support of the search warrant for McGath's van stated:
   "Susan Anderson, being first duly sworn, deposes and says:
   "That she is a member of the Devils Lake Police Department and that at approximately 7:19 A.M., November 29, 1988 Officer Pierce of the Devils Lake Police Department noted a 1974 Dodge ½ ton Van, blue in color, ND license number BSD 906 and owned by one Steve McGath. That there was a warrant for the said McGath and said officer Pierce stopped the vehicle. That in the vehicle were Tracy Wanshaft, Werner Kunkel, Sandra Lunde and the said Steve McGath. That the said McGath was taken into custody and the aforedescribed vehicle impounded. That an inventory search was begun on said vehicle and several marijuana roaches were noted. That at that point the search was stopped.
   "That the said Steve McGath is known to be involved in controlled substances as are several of the other persons in the said vehicle. That affiant has probable cause to believe that there are more controlled substances in the

dence cannot be the basis of a magistrate's finding of probable cause. *See United States v. Vasey, supra.* The only other information before the magistrate consisted of conclusory statements of the police which are insufficient to establish probable cause. *State v. Mische,* 448 N.W.2d 415 (N.D.1989). Accordingly, the evidence discovered in the van pursuant to the warrant should have been suppressed.

The trial court did not consider whether, apart from the evidence found in the van, there were independent grounds to sustain Kunkel's subsequent arrest and to establish probable cause to search his home. Neither do we. The judgment of conviction is reversed and the case is remanded.

MESCHKE and GIERKE, JJ., concur.

VANDE WALLE, Justice, concurring specially.

I concur in the majority opinion. Relying on *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), this Court has previously held that a search of an automobile not made until the person who had occupied it had been arrested and taken into custody to a police station, and the car had been towed to a garage, was too remote in time or place to have been a search incidental to the arrest and that such a search without a warrant failed to meet the test of reasonableness under the Fourth Amendment of the United States Constitution. *See State v. Gagnon,* 207 N.W.2d 260 (N.D.1973). Nor do I understand the "bright-line" test subsequently crafted in *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and relied upon by this Court in *State v. Hensel,* 417 N.W.2d 849 (N.D.1988), to have preempted *Gagnon, i.e.,* where the car is towed from the scene of the arrest and the defendant is no longer present at the scene a subsequent search of the vehicle as a search incident to arrest is not a "reasonable" search.

Insofar as the "inventory" search is concerned, I also agree with the result reached by the majority opinion. I write separately

aforesaid vehicle and prays the Court for a

only to note that it is not the suspicion that incriminating objects may be present [*State v. Riedinger,* 374 N.W.2d 866 (N.D.1985); *State v. Gelvin,* 318 N.W.2d 302 (N.D. 1982)] nor an admitted purpose to search for those objects that invalidates the search. Rather, as stated by Professor LaFave in his treatise on the Fourth Amendment:

"More is involved than the mere expectation that incriminating evidence might be found; the pretext arises out of the fact that the evidence is found in a search which would not have occurred at all but for the manipulation of circumstances and events by the police because of their desire to conduct a search which could not otherwise be lawfully made." 3 W. LaFave, *Search and Seizure,* at 141 (2d ed. 1987).

Thus, an inventory search does not somehow become illegal upon the discovery of incriminating objects which do not take the police by complete surprise.

However, where evidence is found in an inventory search following an arrest for an offense which the officer simply would have ignored but for the officer's desire to search, I agree that the evidence must be suppressed. The record in this case does not reflect that this search would have been conducted, as required by established police department policy, regardless of the intent and suspicions of the officer; rather, I believe the record reflects the opposite. We necessarily need to rely on whether or not the officers deviated from the established and articulated policy of the department to determine whether or not the officers acted arbitrarily in making the search.

ERICKSTAD, C.J., concurs.