914 F.2d 264
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Carl SENNINGS, Defendant-Appellant.
 No. 89-10543.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1990.*
Decided Sept. 19, 1990.
 Before CHAMBERS, FARRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Carl Sennings appeals the district court's refusal to suppress evidence obtained from Sennings' vehicle at the time of his arrest. We affirm.
 
 
 3
 "When a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460 (1981). Defendant asks that we make an exception to this bright line rule and prohibit a warrantless search when the occupant has been placed in the patrol car and is no longer within reach of the vehicle. Even if we were inclined to make such a rule, we are barred from doing so by prior circuit law. In United States v. Lorenzo, 867 F.2d 561, 562 (9th Cir.1989), we expressly rejected the view that a warrantless search of a vehicle incident to arrest is permissible only if it is both contemporaneous with the arrest and within the arrestee's "grabbable" area. See United States v. Vasey, 834 F.2d 782, 787 (9th Cir.1987) (distinguishing established law upholding searches where arrestee was not within reach of vehicle). Other circuits have also refused to create an exception to Belton's bright line rule. See United States v. White, 871 F.2d 41, 44 (6th Cir.1989); United States v. Karlin, 852 F.2d 968, 971 (7th Cir.1988), cert. denied, 109 S.Ct. 1142 (1989); United States v. McCrady, 774 F.2d 868, 871 (8th Cir.1985); United States v. Cotton, 751 F.2d 1146, 1148 (10th Cir.1985); Thomas v. Newsome, 821 F.2d 1550, 1554 (11th Cir.), cert. denied, 484 U.S. 967 (1987) (without discussion). As the defendant does not dispute that the search was contemporaneous to a valid arrest, the district court properly refused to suppress the evidence seized from defendant's vehicle.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3