967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Charles Scott McCLOSKEY, Defendant-Appellee.
 No. 91-50432.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.
Decided June 11, 1992.
 
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and MACBRIDE,** District Judge.
 MEMORANDUM***
 The United States appeals the district court's grant of McCloskey's motion to suppress evidence. We have jurisdiction pursuant to 18 U.S.C. § 3731. We reverse and remand.
 1. Investigatory stop of McCloskey
 The investigatory stop was justified by McCloskey's traffic violation. In United States v. Lillard, 929 F.2d 500, 502 (9th Cir.1991), the officer testified that he knew that Lillard was suspected of manufacturing methamphetamine but stopped Lillard for driving recklessly in violation of Oregon law. We held that the stop was justified by the traffic violation and rejected Lillard's pretext argument. See id. Hickey similarly was aware of the anonymous caller's tip but stopped McCloskey for driving off-road without the written permission of the property owner, in violation of Corona Municipal Code § 10-36-010. Hickey informed McCloskey that he was being stopped because no off-road driving was allowed in the area. The stop was not pretextual.
 In any event, the investigatory stop was also justified by a reasonable and articulable suspicion based in part on the anonymous caller's tip. The caller indicated that the two children appeared frightened and Hickey observed McCloskey driving in a relatively isolated area with children who did not appear to be his own. When viewed in light of the tip, this otherwise innocent activity could appear suspicious. See United States v. Alvarez, 899 F.2d 833, 836 (9th Cir.1990), cert. denied, 111 S.Ct. 671 (1991). The tip was sufficiently corroborated and supplemented by Hickey's observations to provide him with reasonable suspicion to warrant an investigatory stop. See id.
 2. Arrest of McCloskey
 McCloskey was arrested when he was handcuffed and placed in Hickey's patrol car. McCloskey could reasonably conclude that he was not free to leave after brief questioning. See United States v. Del Vizo, 918 F.2d 821, 824 (9th Cir.1990). We recognize that an investigatory stop is not converted into an arrest when an officer takes reasonable measures to neutralize the risk of harm, see id. at 825, but there is no evidence that McCloskey failed to comply with police orders or that McCloskey was particularly dangerous. The mere suspicion that McCloskey had obstructed an officer did not justify the extent of restraints imposed upon him. See id.
 The arrest (i.e., being handcuffed and placed in Hickey's patrol car) was supported by probable cause. Although the National Crime Information Center indicated that McCloskey's outstanding warrant was "unconfirmed," the information was "reasonably trustworthy." Id. We understand McCloskey's argument, but the fact that the Information Center routinely confirms reports of outstanding warrants does not significantly undermine the reliability of warrants that have not yet been confirmed. Cf. United States v. Espinosa, 827 F.2d 604, 606, 609 (9th Cir.1987) (upholding propriety of arrest despite fact that suspect was taken to the police station "for verification of the traffic warrant"), cert. denied, 485 U.S. 968 (1988).
 3. Search of McCloskey's truck
 Even if the arrest had not been supported by probable cause, the firearms are admissible because they would inevitably have been discovered through lawful means. See United States v. Ramirez-Sandoval, 872 F.2d 1392, 1396 (9th Cir.1989). Hickey requested confirmation of the warrant prior to handcuffing McCloskey and placing him in his patrol car. The confirmation was not obtained through improper conduct. Thus, United States v. Dicesare, 765 F.2d 890 (9th Cir.1985), amended, 777 F.2d 543 (9th Cir.1985) (acquisition of probable cause during unlawful seizure does not constitute independent source of probable cause), can be distinguished.
 Hickey and Velasco did not exceed the permissible scope of a search incident to arrest. Although there is language in United States v. Vasey, 834 F.2d 782, 787 (9th Cir.1987), that supports McCloskey's contention that a search incident to arrest must be limited to the area within the suspect's immediate control, this argument was rejected in United States v. Lorenzo, 867 F.2d 561, 562 (9th Cir.1989):
 In the instant case, the district court read Vasey as combining Chimel v. California, 395 U.S. 752 (1969), and New York v. Belton, 453 U.S. 454 (1981), to create a two-prong test that would require the search of a vehicle to be not only contemporaneous with the arrest (under Belton ), but also limited to the arrestee's actual grabbable area (under Chimel ) in order to survive constitutional challenge. Such a test, however, was not contemplated by Vasey. Rather, the Vasey panel simply noted that the search in that case failed to meet the requirements both of the general Chimel test and its more specific Belton application. To interpret Vasey any differently would be to place this circuit at odds with current Supreme Court precedent.
 A search incident to arrest may include examination of the contents of any closed containers in the passenger compartment. See United States v. Parr, 843 F.2d 1228, 1229 (9th Cir.1988).
 The search also was a proper inventory search. In holding that there was no reason why the truck could not have been locked and temporarily abandoned, the district court failed to "accord[ ] deference to police caretaking procedures designed to secure and protect vehicles and their contents within police custody." Colorado v. Bertine, 479 U.S. 367, 372 (1987). The Court in Bertine upheld an inventory search even though Bertine "was stopped for a traffic offense and was not likely to be in custody for a significant length of time." Id. at 379 (Marshall, J., dissenting). Hickey and Velasco acted pursuant to 4 Corona City Police Department Manual §§ 2200 and 2202.10. McCloskey argues that the truck could have been released to Parker, but the truck was searched prior to his arrival. There is no evidence that Hickey and Velasco, "who were following standardized procedures, acted in bad faith or for the sole purpose of investigation." Bertine, 479 U.S. at 372.
 REVERSED AND REMANDED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 Honorable Thomas J. MacBride, Senior Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3