976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lewis Edward FRANKLIN, Defendant-Appellant.
 No. 90-30274.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 17, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lewis Edward Franklin appeals his conviction, following entry of a conditional guilty plea, for possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Franklin contends that the district court erred by denying his motion to suppress evidence because the search of his automobile was neither properly incident to his arrest nor based on probable cause. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 This court reviews de novo a denial of a motion to suppress. United States v. Lillard, 929 F.2d 500, 502 (9th Cir.1991). The lawfulness of a search and seizure is a mixed question of law and fact reviewed de novo, with the probable cause determination reviewed de novo and findings of fact reviewed for clear error. United States v. Linn, 880 F.2d 209, 214 (9th Cir.1989).
 
 
 4
 One exception to the general rule that officers may not conduct warrantless searches is the "search incident to arrest," which permits a contemporaneous search without a warrant of the person arrested and the area within his immediate reach. United States v. Lorenzo, 867 F.2d 561, 561 (9th Cir.1989). In the context of automobile searches incident to arrest, so long as the search is contemporaneous, the passenger compartment of a vehicle is presumptively within the suspect's immediate reach and may always be validly searched. Id. at 562. Nonetheless, an arrest may not be used as a mere pretext to search for evidence. United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986). Whether an arrest is a pretext depends on the officer's primary purpose or motivation. Id. (no pretext where arrest not intentionally made to uncover evidence of unrelated offenses or delayed to coincide with defendant's entry of premises desired to be searched); see Lillard, 929 F.2d at 502 (no pretext where defendant arrested for speeding without regard to suspected drug manufacturing). Officers are not obligated to arrest a suspect or halt an investigation as soon as they have the minimum evidence required to show probable cause. Smith, 802 F.2d at 1124.
 
 
 5
 Here, Franklin contends[1] that his arrest was a pretext to search his automobile for evidence of unrelated offenses because otherwise the officers would not have searched his car after he was arrested and no longer had immediate access to it. He also argues that the officers intentionally delayed his arrest in order to search his car because they could have reached him by beeper or arrested him earlier, when they twice videotaped him selling rock cocaine before the arrest warrant issued.
 
 
 6
 Nonetheless, the arresting officer, Campbell, testified at the suppression hearing that he and others had tried to locate Franklin unsuccessfully prior to April 21, 1989, that Franklin's arrest on that date resulted from an informant's tip that Franklin would be in the area then, and that their goal was to enforce the outstanding arrest warrant. Officer Campbell also testified that he searched the passenger seat of Franklin's car immediately after Franklin was arrested. It was not clear error for the district court to conclude that Franklin's arrest was not intentionally delayed as a mere pretext for the search of his car. See Lillard, 929 F.2d at 502; Smith, 802 F.2d at 1124. The officers were not obligated to arrest Franklin at the time of the videotaped cocaine sales or at any particular point thereafter. See Smith, 802 F.2d at 1124. Further, the fact that the search of Franklin's car occurred when he no longer had immediate access to it does not establish that his arrest was pretextual. Officer Campbell's search of the passenger compartment of the automobile was valid because the search was contemporaneous with Franklin's arrest. See Lorenzo, 867 F.2d at 561-62.[2] Franklin offers no authority for his contention that a valid search incident to arrest requires additional justification or must be related or "linked" to the offense for which the suspect is arrested.[3]
 
 
 7
 Franklin also contends that there was no probable cause to search his vehicle under the automobile exception to the warrant requirement.[4] Under this exception, if officers have probable cause to search a lawfully stopped vehicle, then they may search the entire vehicle, including compartments and containers. United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1034 (1989); United States v. Parr, 843 F.2d 1228, 1232 (9th Cir.1988).
 
 
 8
 Here, Officer Campbell testified that, after Franklin and a passenger, Calvin, exited the front seat of the car, he observed from the sidewalk a small, cloth purse and a clear plastic bag lying on the floor of the passenger side. The plastic bag contained a number of small, blue plastic bags which appeared to contain "rock" cocaine. Also in plain view in the front seat area were two digital pagers and a cellular telephone.
 
 
 9
 Campbell's subsequent search revealed a small notebook on the floorboard in the right front seat, which appeared to contain records of drug transactions. Campbell testified that he next searched the back seat of the car, finding an open paper bag containing two plates and a measuring cup covered with a powder residue, scissors, five one-sided razor blades, and a butane lighter. He also found a locked briefcase, which he shook but did not open until obtaining a search warrant. The briefcase contained both "rock" and powdered cocaine.
 
 
 10
 Officer Campbell did not need probable cause for his search of the passenger compartment of the car, which was properly incident to Franklin's arrest.[5] The items he observed in plain view and examined during his search of the passenger compartment provided him with sufficient probable cause for the subsequent search of the back seat of the vehicle, including containers. See Vasquez, 858 F.2d at 1391; Parr, 843 F.2d at 1232. The district court did not err by denying the motion to suppress evidence.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, Franklin's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition to opening and reply briefs submitted through his attorney, Franklin submitted pro se supplemental opening and reply briefs. Franklin later filed several motions to supplement these briefs as well as one supporting memorandum. These filings have been taken into consideration, except insofar as they raise new issues on appeal distinct from the validity of the car search. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991) (with limited exceptions, issues not presented to the district court cannot be raised for the first time on appeal)
 
 
 [2]
 Franklin's reliance on United States v. Vasey, 834 F.2d 782 (9th Cir.1987), is misplaced. As Lorenzo makes clear, Vasey must be interpreted as turning solely on the contemporaneity of the auto search and not on the arrestee's lack of immediate access to his vehicle. See Lorenzo, 867 F.2d at 562
 
 
 [3]
 The rationale of Lorenzo, which involved a car search incident to an arrest for drunk driving, was not based on any purported "linkage" of the search to the type of offense, as Franklin suggests. See Lorenzo, 867 F.2d at 561-62
 
 
 [4]
 Franklin's related contention that there was no probable cause to follow his car or pull it over lacks merit. Fourth Amendment issues arise only after there has been some restraint placed upon an individual's liberty by physical force or by a show of authority. California v. Hodari D., 111 S.Ct. 1547, 1549-51 (1991). Here, Officer Campbell testified that the unmarked police car simply pulled over behind Franklin, who had already stopped at a curb to meet with a pedestrian. Campbell's partner, wearing a raid jacket and badge, then approached Franklin's car and, after positively identifying him, conducted the arrest on the outstanding warrant. Franklin has no Fourth Amendment grounds for objection prior to the point of his arrest. See id
 
 
 [5]
 For this reason, we need not consider Franklin's contention that the officers illicitly created probable cause by removing part of the "contents" of the front seat, namely passenger Calvin, to put the remainder in plain view