29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin FAIRLY, Defendant-Appellant.
 No. 93-10502.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1994.*
Decided July 21, 1994.
 
 1
 Before: FERNANDEZ, RYMER and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Melvin Fairly appeals the denial of a motion to suppress evidence seized from his car and his house, and a motion for a Franks[1] hearing. We affirm.
 
 DISCUSSION
 A. The Searches
 
 4
 Probable cause for a warrantless arrest exists when, under the totality of the circumstances, a prudent person would conclude that there was a fair probability that the person committed a crime. E.g., United States v. Garza, 980 F.2d 546, 550 (9th Cir.1992).
 
 
 5
 When the police decided to stop Fairly's vehicle they had received and observed much evidence which indicated a fair probability that he had committed or was committing a crime. See United States v. Rodriguez, 869 F.2d 479, 482-84 (9th Cir.1989). By the time they actually managed to stop him, five or six patrol vehicles had attempted to pull him over, but he engaged in a series of evasive maneuvers. By that time probable cause to arrest him was even more manifest. See United States v. Santamaira-Hernandez, 968 F.2d 980, 983-84 (9th Cir.1992).
 
 
 6
 After Fairly was placed under arrest, an officer looked in the Mercury and saw a bag similar to the one Fairly carried from the Stonybeck Circle house sticking out from under the front passenger seat. It was of a size and type that might well have had drugs or drug-related materials. The search of the bag, which was in plain view in the passenger compartment, was lawful as a search incident to arrest. See New York v. Belton, 453 U.S. 454, 460-62, 101 S.Ct. 2860, 2864-65, 69 L.Ed.2d 768 (1981); United States v. Lorenzo, 867 F.2d 561, 562 (9th Cir.1989) (per curiam).
 
 
 7
 When Fairly was pulled over the officers had every reason to believe that the car contained contraband and that Fairly was engaging in his illicit business. When they then discovered a bag with narcotics-related material in the passenger compartment, they wisely determined that the contraband must be concealed in the trunk of the car. See United States v. Klein, 860 F.2d 1489, 1493-94 (9th Cir.1988); United States v. Fannin, 817 F.2d 1379, 1381-82 (9th Cir.1987). Thus, they properly examined the trunk without a warrant. See California v. Acevedo, 500 U.S. 565, 567-68, 579-80, 111 S.Ct. 1982, 1984-85, 1991, 114 L.Ed.2d 619 (1991); United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 978 (1989).
 
 
 8
 Given that the cocaine in the trunk was lawfully seized, we hold that there was substantial basis for finding probable cause for issuance of a search warrant for the Stonybeck Circle house, a storage unit rented by Fairly, and Fairly's vehicles. See Fannin, 817 F.2d at 1382.
 
 
 9
 Finally, the district court did not err in denying Fairly's motion to suppress evidence seized from the car and from the house without holding an evidentiary hearing. Fairly does not identify any dispute of fact and does not claim that any of the district court's factual findings are clearly erroneous. There was no need for an evidentiary hearing. See United States v. Mejia, 953 F.2d 461, 466-67 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1983, 118 L.Ed.2d 581 (1992).
 
 B. Franks Hearing
 
 10
 "A defendant is entitled to a Franks hearing when he makes a substantial preliminary showing that a false statement was (1) deliberately or recklessly included in an affidavit submitted in support of a search warrant; and (2) material to the magistrate's finding of probable cause." United States v. Fowlie, No. 91-50383, slip op. 4373, 4385, 1994 WL 157694, * 4 (9th Cir. May 2, 1994).
 
 
 11
 As we have concluded, the cocaine and packaging material found in Fairly's car established probable cause for a search of the Stonybeck Circle house. The alleged misstatements and omissions identified by Fairly are minor in nature and do not undermine that probable cause. They may cast slight doubt on whether a dealer obtained cocaine at the Stonybeck Circle house, but do not undermine the fair probability that drugs were kept at the house. After all, Fairly brought packaging material from that house, and was transporting drugs when he drove away from it. See id. at 4385-86. The district court did not err in denying Fairly's motion for a Franks hearing.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)