110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David George TAYLOR, Defendant-Appellant.
 No. 96-30025.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1997.
Decided March 26, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David George Taylor ("Taylor") appeals his conviction, arguing that the district court incorrectly denied his motion to suppress evidence seized by the police during a search incident to arrest and a subsequent search at the police station. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 A. The First Search
 
 3
 A search incident to arrest must be conducted "at 'about the same time as the arrest.' " United States v. Hudson, 100 F.3d 1409, 1419 (9th Cir.1996) (quoting United States v. Turner, 926 F.2d 883, 887 (9th Cir.) (quotation omitted), cert. denied, 502 U.S. 830 (1991)).
 
 
 4
 To qualify for this exception to the warrant requirement, the search incident to arrest must pass the "critical inquiry" of "whether the search ... was properly limited to the area within [Taylor's] immediate control at the time of his arrest." United States v. McConney, 728 F.2d 1195, 1207 (9th Cir.) (en banc) (emphasis added), cert. denied, 469 U.S. 824 (1984). In Turner, we explained that a reviewing court must consider (1) whether the search was restricted to the area or items within the arrestee's immediate control at the time he was arrested, and (2) whether events occurring after the arrest but before the search rendered the search "unreasonable." Turner, 926 F.2d at 888 (applying the test to search of apartment and finding it valid). Taylor's gym bag was clearly in his immediate control at the time he was tackled and handcuffed.
 
 
 5
 With respect to the physical scope of the search, we have held that officers may search closed containers found within the area of the arrestee's immediate control contemporaneously with the arrest. United States v. Andersson, 813 F.2d 1450, 1456 (9th Cir.1987) (closed suitcase); United States v. Burnette, 698 F.2d 1038, 1048 (9th Cir.) (closed purse), cert. denied, 461 U.S. 936 (1983). This authority to search containers exists even though the container may be such that it "could hold neither a weapon nor evidence of ... criminal conduct" and "does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found." New York v. Belton, 453 U.S. 454, 461 (1981) (quotation omitted). In this case, Taylor's gym bag constituted a closed container that fell within the scope of items subject to a search incident to a lawful arrest.
 
 
 6
 Regarding the requirement that the search be conducted at about the same time as the arrest, we have held that a search incident to arrest is valid after a "short time span" has elapsed between the arrest and the search, probably not constituting more than a few minutes. Turner, 926 F.2d at 888 n. 2. In Hudson, we held that the search incident was valid where three minutes passed between the arrest and the search. Hudson, 100 F.3d at 1420. In this case, Officer Tippett testified that the length of time between Taylor's arrest and her search of his bag was less than five minutes. This time lapse is consistent with the radio log from dispatch at the police station. Taylor prolonged this delay between the arrest and the search by wrestling away from Officer Tippett and running through the parking lot, requiring the officers to recapture him before the search was conducted. Under the circumstances of this case, five minutes is not so long as to render the first search of the bag unreasonable.
 
 
 7
 Regarding Taylor's physical proximity to the bag at the time of the search, we have never required that the arrestee remain near the location or item being searched, let alone that he be physically capable of acquiring a weapon or destroying evidence at the time the search is conducted. See, e.g., Hudson, 100 F.3d at 1420 (applying Turner test to search of rifle case after arrestee was removed from the room and finding it valid); United States v. Tarazon, 989 F.2d 1045, 1051 (9th Cir.) (applying Turner test to search of desk drawers after arrestees were removed and finding it valid), cert. denied, 510 U.S. 853 (1993).
 
 
 8
 In United States v. Moorehead, 57 F.3d 875 (9th Cir.1995), we noted that the applicability of the search incident exception "[does] not turn upon a defendant's actual ability to grab items." Id. at 877-78 (emphasis added). See also United States v. Lorenzo, 867 F.2d 561 (9th Cir.1989) (per curiam) (same). Though Moorehead and Lorenzo dealt with automobile searches, the same principle has been consistently applied in Turner, Hudson, and Andersson.
 
 
 9
 Considering all of the circumstances in this case, the search was confined to an item within Taylor's immediate control at the time of his arrest and events occurring after the arrest but before the search did not render the search incident to the lawful arrest unreasonable. The district court did not commit error here.
 
 B. The Second Search
 
 10
 We have held that "once an item in an individual's possession has been lawfully seized and searched, subsequent searches of that item, so long as it remains in the legitimate uninterrupted possession of the police, may be conducted without a warrant." Burnette, 698 F.2d at 1049. This is so because, following a lawful search incident to arrest, "the individual's expectation of privacy in the property is significantly reduced." United States v. Holzman, 871 F.2d 1496, 1505 (9th Cir.1989).
 
 
 11
 In this case, Taylor's gym bag remained in the legitimate uninterrupted possession of the police (indeed, Officer Tippett) for the entire time between the first search and the subsequent search at the police station. Officer Tippett testified at the evidentiary hearing that, during the first search, she discovered a gun, a large amount of cash, and "a whole bunch" of little baggies containing a white powder substance. All of the relevant evidence that formed the basis of the charges against Taylor had been fully exposed to Officer Tippett during her initial search of the gym bag. As we recognized in Burnette, "[t]he contents of an item previously searched are simply no longer private." Burnette, 698 F.2d at 1049. Because the search incident to arrest was lawful, the second warrantless search of the gym bag at the police station was also lawful.
 
 CONCLUSION
 
 12
 After considering all of Taylor's arguments on appeal, we conclude that the district court correctly denied Taylor's motion to suppress evidence discovered as a result of the searches of his gym bag. We therefore AFFIRM.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3