**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ricardo TORRES–ESPINOZA, Defendant—Appellant.**

---

United States of America,
Plaintiff—Appellee,

v.

Andres Espinoza–Torres, aka Yaqui,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Alejandro Torres–Espinoza,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Antonio Espinoza–Torres, aka Tonio
aka Alberto Torres–Mendoza,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Carlos Garcia–Mesa, aka Roman; John
Doe 2; Roman Garcia; Carlos Garcia–
Meza, Defendant—Appellant.

Nos. 01–10410, 01–10411, 01–10413,
01–14014 and 01–10456.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Oct. 9, 2003.

Before: KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Defendants appeal their judgments and sentences following jury convictions for conspiracy, hostage taking, transportation and harboring of illegal aliens, and multiple counts of interstate extortion and possession or use of a firearm during a crime of violence. We have jurisdiction under 18 U.S.C. § 3472 and 28 U.S.C. § 1291, and affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

### A. Defendants' joint claims.

■ 1. Defendants' Confrontation Clause rights were not violated when the district court denied defendants' motion to sever non-testifying co-defendant Roman for trial, and allowed certain of Roman's post-arrest statements to be read into evidence by an arresting officer.

Denying defendants' motion to sever, the district court: (i) required the prosecution to redact facially incriminatory language from Roman's post-arrest statements; (ii) reviewed the redacted statements for any remaining prejudice; (iii) allowed defendants to object to the redacted version (which defendants did not do); and (iv) instructed the jury that the statements could only be used against Roman. This was not an abuse of discretion. *See United States v. Parks*, 285 F.3d 1133, 1140 (9th Cir.2002); *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir.1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir.2000).

Because Roman's statements were not "directly" accusatory of any specific defendant, there was no Confrontation Clause violation under *Bruton v. United States*, 391 U.S. 123, 135, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). *See Gray v. Maryland*, 523 U.S. 185, 192–94, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998); *id.* at 195–96 (noting that "Me and a few other guys" is not a violation of *Bruton* ). *Cf. United States v. Peterson*, 140 F.3d 819, 822 (9th Cir. 1998) ("*Gray* clarifies that the substitution of a neutral pronoun or symbol in place of the defendant's name is not permissible if it is obvious that an alteration has occurred to protect the identity of a specific person."). Thus, the district court did not err in admitting Roman's post-arrest statements.

■ 2. Evidence of defendants' prior arrests while in possession of firearms was properly admitted under Fed.R.Evid. 404(b) because the evidence was relevant to an element of the charged crime, *i.e.*, that the defendants each knowingly "use[d] or carrie[d] a firearm" "during and in relation to [a] crime of violence," 18 U.S.C. § 924(c)(1)(A); *United States v. Mendoza*, 11 F.3d 126, 128–29 (9th Cir. 1993), and the evidence was offered to rebut defendants' "innocent possession" and "mere presence" defenses. *Cf. United States v. Moorehead*, 57 F.3d 875, 877–78 (9th Cir.1995). The district court did not abuse its discretion in deeming the evidence admissible under Fed.R.Evid. 403. Moreover, the district court gave proper limiting instructions. Although evidence that defendants Ricardo and Andres, and deceased co-conspirator Luis, were once arrested in a stolen car in possession of a gun reported stolen in a prior burglary should have been excluded under Rule 404(b), that error was harmless in light of the overwhelming evidence of defendants' guilt, which included physical evidence, numerous eyewitness accounts, and the post-arrest admissions of defendants Roman, Ricardo, and Andres. *See United States v. Hammond*, 666 F.2d 435, 440–41 (9th Cir. 1982).

■ 3. The district court properly admitted evidence of a conversation between Roman and an undercover informant as a party admission. *See* Fed.R.Evid. 801(d)(2)(A). The district court did not abuse its discretion by rejecting defendants' Rule 403 objection because defendants failed to show any prejudice from these statements, which implicated only Roman and deceased co-conspirator Luis. *See United States v. O'Connor*, 737 F.2d 814, 821 (9th Cir.1984). The district court also properly admitted testimony from Luis's father concerning Luis's involvement in alien smuggling and a conversation between defendants Ricardo

and Andres regarding Luis's alien-smuggling activities, because the testimony either was not hearsay, was offered for a nonhearsay use, or was admissible under Fed.R.Evid. 804(b)(3) as a statement against Luis's penal interest. *See Padilla v. Terhune,* 309 F.3d 614, 619–20 (9th Cir. 2002).

■ 4. The district court erred in admitting victim accounts of illegal drug use by defendants Andres, Antonio, and Alejandro, and fugitive co-conspirator El Negro, during the hostage-taking because that evidence was not "inextricably intertwined" with the charged offenses. *Cf. United States v. Williams,* 291 F.3d 1180, 1189–90 (9th Cir.2002) (evidence of repeated beatings "inextricably intertwined" as relevant to show how the defendant maintained physical control over his victims, which facilitated the offenses of inducing minors and transporting them interstate to engage in prostitution). That defendants used drugs during the hostage-taking did not further their crimes because the defendants controlled the victims through the use of firearms, not the use of drugs. Although the victims testified that defendants' drug use increased their fear of violence, the victim's subjective belief is not an element of the charged offense. *See* 18 U.S.C. § 1203(a). The admission of the defendants' drug use, though error, was nevertheless harmless in light of the overwhelming evidence of defendants' guilt. *Hammond,* 666 F.2d at 440–41.

5. Assessed in the aggregate, the non-constitutional errors were more probably than not harmless. *See United States v. Easter,* 66 F.3d 1018, 1023 (9th Cir.1995); *United States v. Berry,* 627 F.2d 193, 201 (9th Cir.1980). This trial was not the type "where the government's case is weak, [and] a defendant is more likely to be prejudiced by the effect of cumulative errors." *United States v. Frederick,* 78 F.3d

1370, 1381 (9th Cir.1996). Because the government's case was strong and the evidence of guilt was overwhelming, there was no cumulative error.

**B. Defendant Ricardo Torres–Espinoza's individual claims.**

■ 1. The district court did not err in denying Ricardo's motion for judgment of acquittal on the conspiracy charges because overwhelming circumstantial and direct evidence, including his own post-arrest admissions, demonstrated Ricardo's knowledge of and participation in the hostage-taking conspiracy. *See United States v. Wright,* 215 F.3d 1020, 1028 (9th Cir.2000). The evidence also established Ricardo's direct liability for knowingly transporting, while armed, illegal aliens and intending to further their illegal presence in the United States. Furthermore, because a credible showing of deadly force and interstate ransom calls were foreseeable components of the conspiracy, Ricardo was vicariously liable for these substantive offenses committed by his co-conspirators in furtherance of the conspiracy. *See Pinkerton v. United States,* 328 U.S. 640, 645–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

■ 2. Ricardo's Confrontation Clause rights under *Bruton,* 391 U.S. at 123, were not violated when co-defendant's counsel, seeking clarification from an officer testifying about Roman's post-arrest statements, motioned toward defendants and referred to them as "these guys." The officer went on to testify that Roman said he had been more involved with Luis, the deceased co-conspirator, than he had been with the defendants. In this context, counsel's reference to "these guys" did not have a "sufficiently devastating or powerful inculpatory impact to be incriminatory on its face," *United States v. Angwin,* 271 F.3d

786, 796 (9th Cir.2001), and there was no *Bruton* violation.

■ 3. The district court did not abuse its discretion in admitting the curricula vitae of two testifying experts. *See* Fed. R.Evid. 702. Even if it did, Ricardo's assertion that the evidence probably caused the jury to give more credence to the experts' testimony fails because such speculation does not establish that the evidence had any effect on the outcome of the trial. *See United States v. Tisor*, 96 F.3d 370, 376 (9th Cir.1996).

4. Ricardo's claim that the jury was improperly allowed to listen to tapes of 911 calls reporting the shootout at the ransom site fails legally and factually. The district court did not abuse its discretion by admitting the tapes over defendants' Rule 403 objection and ruling that the jury would not hear the tapes unless the jury so requested, and unless the jury returned to court for that purpose. Moreover, because the jury never asked to listen to the tapes, and thus never heard the tapes, any possible error would be harmless. *Tisor*, 96 F.3d at 376.

■ 5. The district court did not err in denying Ricardo's claim for vindictive prosecution because the second superseding indictment, which added firearm and interstate extortion counts, was returned against Ricardo more than two months before Ricardo rejected the government's plea offer. Ricardo's claim also is foreclosed by *United States v. Gastelum–Almeida*, 298 F.3d 1167, 1172 (9th Cir.2002) (no vindictive prosecution "when additional charges are added during pretrial proceedings" because "[p]rosecutors often threaten increased charges and, if a guilty plea is

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

not forthcoming, make good on that threat").

**AFFIRMED.**