**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Aaron Mark AKIN, aka Mark Aaron
Akins, Defendant–Appellant.**

No. 05–50788.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 25, 2006.*

Filed Dec. 20, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Christopher Duffy, Esq., Santa Ana, CA, for Plaintiff–Appellee.

Elizabeth Dahlstrom, Esq., Federal Public Defender's Office, Santa Ana, CA, for Defendant–Appellant.

Before: SILER,** TASHIMA, and BEA, Circuit Judges.

## MEMORANDUM ***

Defendant Aaron Mark Akin appeals his conviction by jury trial for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A police officer, Alfonso Rodriquez, found a revolver in the trunk of the car Akin was driving. Akin argues that the district court improperly admitted a methamphetamine pipe found on his person during an illegal frisk by Rodriquez. Akin also argues that the pipe as well as a scale found in the driver-side door and a syringe found in the trunk were prejudicial character evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Akin's motion to suppress is reviewed de novo. *United States v. Crawford,* 372 F.3d 1048, 1053 (9th Cir.2004) (en banc), *cert. denied,* 543 U.S. 1057, 125 S.Ct. 863, 160 L.Ed.2d 783 (2005). The trial court's factual findings pertaining to motions to suppress are reviewed for clear error. *United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004). Review under the clearly erroneous standard is significantly deferential, requiring a "definite and firm conviction that a mistake has been committed," before a finding can be overturned. *See Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001). As long as the district court's account of the evidence is plausible in light of the record viewed in its entirety, we may not reverse it even if we are convinced that, had we been sitting as the trier of fact, we would have weighed the evidence differently. *See SEC v. Rubera,* 350 F.3d 1084, 1094 (9th Cir.2003).

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *See United States v. Plancarte–Alvarez,* 366 F.3d 1058, 1062 (9th Cir.2004) (Fed.R.Evid.404(b)); *United States v. Allen,* 341 F.3d 870, 886 (9th Cir.2003) (Fed.R.Evid.403). We may affirm the district court on any basis supported by the record. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418 (9th Cir.1998).

## I. Search of Akin

■ Akin argues that the district court erred in denying his motion to suppress the methamphetamine pipe discovered on his person during the frisk. Noting that the search was warrantless, Akin argues

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that the search violated his Fourth Amendment rights. This argument, however, has been overtaken by *Samson v. California,* —— U.S. ——, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006).[1] In *Samson,* the Court held that a police officer's search of a parolee, predicated solely upon a condition of his parole permitting such searches, is reasonable under the Fourth Amendment. *Id.* at 2202.

Akin argues that *Samson* does not control this case because Rodriquez was not aware that Akin was on parole or that he was subject to a search-and-seizure condition, as he believes *Samson* requires. *See id.* at 2196, 2202 n. 5. But *according to* Rodriquez, Akin stated he was on parole, and Akin offered no evidence in rebuttal regarding this point. Rodriquez's statement was a sufficient basis for the district court to conclude that Rodriquez knew that Akin was on parole.

With respect to Rodriquez's awareness of a search-and-seizure condition, Rodriquez's declaration stated that Akin told Rodriquez prior to the search that Akin was subject to a search and seizure condition because of his parole. Although Akin declared the contrary, it was the district court's prerogative to believe Rodriquez's statement over that of Akin.[2] *See United States v. Cannon,* 29 F.3d 472 (9th Cir. 1994). Thus, the district court's finding

that Rodriquez conducted a valid parole search is affirmed.

## II. Admission of Drug Paraphernalia

Akin also challenges the district court's admission of drug paraphernalia, including a glass pipe, a syringe, and a scale under Federal Rules of Evidence 404(b) and 403.[3] The pipe was found on Akin's person, the scale was found on the driver-side door compartment of the car, and the syringe was found in the trunk. Akin argues that the paraphernalia is strictly evidence of another crime (i.e., possession or distribution of drugs as well as illegal possession of a methamphetamine pipe), and inadmissible under Federal Rule of Evidence 404(b) because it does not meet any of the conditions of admission outlined by the Rule. Akin further argues that the evidence should have been excluded under Federal Rule of Evidence 403 because it was substantially more prejudicial than probative.

In reviewing a decision to admit evidence under Rule 404(b), we review the legal determination that the evidence has a legitimate purpose de novo. *See United States v. Holler,* 411 F.3d 1061, 1067 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 597, 163 L.Ed.2d 496 (2005). The district court's ultimate decision to admit evidence

---

1. Because this was a valid parole search, we need not address the government's alternative arguments that the search was valid because Akin consented or as a frisk under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

2. The search-and-seizure condition is mandatory for every prisoner eligible for release on state parole in California. *See* Cal.Penal Code § 3067(a) (West 2000); *Samson,* 126 S.Ct. at 2196. Thus, *Samson* does not hold that a police officer must be familiar with the parolee's particular conditions of release in order to execute a search. We address the issue of Rodriquez's awareness here, however, be-

cause it is conceivable that Akin would not be subject to the mandatory condition if he were paroled prior to January 1, 1997, the date this provision became effective. *See* Cal.Penal Code § 3067(c) (West 2000).

3. Akin also contests the district court's alternative finding that the paraphernalia was inextricably entwined with the firearm possession. Because the evidence is admissible under one of the legitimate purposes of Rule 404(b), as discussed below, we need not address whether the evidence supports a finding that the syringe, scale, pipe, and gun add up to drug trafficking activity.

pursuant to Rules 403 and 404(b) is reviewed for abuse of discretion. *Id.; see also United States v. Murillo*, 255 F.3d 1169, 1176 (9th Cir.2001) (granting "considerable deference" to trial court's decision regarding Rule 403).

### A. *Admissible to Show Dominion and Control.*

■ Under Rule 404, evidence of other crimes or acts may not be admitted to prove a person's character in order to show that he acted in conformity with that character. Fed.R.Evid. 404(b). However, the evidence may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or lack of mistake or accident." *See id.* The Ninth Circuit has established a four-part test for admission of "bad act" evidence. The act must: (1) prove a material element of the charged offense; (2) be similar to the offense charged if showing knowledge or intent; (3) be based on sufficient evidence; and (4) not be too remote in time. *United States v. Estrada*, 453 F.3d 1208, 1213 (9th Cir.2006), *petition for cert. filed* (U.S. Oct. 11, 2006) (No. 06–7785). The only element relevant to this appeal is the first.

The existence of drug paraphernalia on Akin's person tends to show he had dominion and control over similar items found in the car. According to Rodriquez's police report, Akin admitted owning the methamphetamine pipe and admitted that he knew of the syringe in the trunk (but denied ownership). Someone who admits to dominion and control over certain items in a car is more likely to have dominion and control over other items in a car, such as the gun at issue. Thus, the evidence had a legitimate purpose.

### B. *The Evidence Is Not Barred by Rule 403.*

■ Under Federal Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by, *inter alia*, the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed.R.Evid. 403. Akin asserts that even if the evidence has a legitimate purpose, the district court erred in admitting the evidence because its prejudicial effect far outweighed its probative value.[4]

The probative value of the syringe, scale, and pipe is measured by their tendency to make the existence of Akin's knowing possession of the firearm in the trunk more probable than it would be without the evidence. *See* Fed.R.Evid. 401; *United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1327 (9th Cir.1992). "Knowing possession" in this case, as indicated by the jury instructions, included knowing of the gun's presence, knowing one has physical control of it, or knowing of its presence and having the power and intention to control it.

Here, the evidence is probative. The fact that a methamphetamine pipe was found on Akin's person shows he had physical control of the pipe and was aware of the pipe. The syringe is a similar item; it

---

**4.** Akin notes that "[t]he district court never conducted any analysis under Rule 403, . . . so it never saw that other, neutral evidence carried the same probative weight without any of this evidence's inflammatory effect." To the extent that this challenges the district court's failure to make an explicit ruling regarding Rule 403, "[t]he district court need not recite the Rule 403 test when balancing the probative value of evidence against its potential for unfair prejudice. We must affirm if the record, as a whole, indicates that the court properly balanced the evidence." *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir.1992). Here, in upholding his motion *in limine* at trial, the judge explicitly noted that he was aware of Akin's Rule 403 objection.

**610**

may also be used for ingesting methamphetamine. The similarity of uses suggests Akin possessed both the syringe and the pipe, and the fact that the syringe was found in the trunk suggests Akin possessed other items in the trunk.

■ The scale found in the driver-side door connects Akin to the gun less strongly because he never admitted knowing about its existence (and the car belonged to someone else). Nevertheless, it is reasonable for the factfinder to infer that Akin had such knowledge based on the scale's close physical proximity to Akin's location as the driver and the fact that it is also similar to an item found on Akin's person (the methamphetamine pipe). Inferring knowing possession of the scale directly suggests knowing possession of other items in the car, including the gun. Moreover, inferring knowing possession of the scale particularly bolsters the inference that Akin knowingly possessed the other drug paraphernalia such as the syringe and, consequently, knowingly possessed items found near the syringe, such as the gun.

The unfair prejudice under Rule 403 is measured by the extent to which the syringe, scale, and pipe would make Akin's conviction more likely because they would tend to "suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed.R.Evid. 403, Advisory Committee Notes. Prejudicial evidence "provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir.1982). Connecting a party with a highly charged issue such as narcotics may be prejudicial. *See United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir.1995) (citing Weinstein's Evi-

dence § 403[3] ); *United States v. Moorehead*, 57 F.3d 875 (9th Cir.1995) (discussing the prejudicial effect of insinuating that defendant sold drugs).

There was likely some prejudice associated with the introduction of these items, particularly the scale. We conclude, however, that the prejudice did not substantially outweigh the items' probative value. The district court restrained the prosecution from questioning Rodriquez on the scale's uses. Moreover, the court gave two limiting instructions. First, it instructed the jury that Akin was not on trial for possession of drug paraphernalia or for any other crime. Second, it admonished the jury that it could consider the drug paraphernalia "only as it bears on the defendant's knowledge or the absence of mistake or accident and for no other purpose." "A trial judge's instructions to the jury either not to consider extrinsic evidence at all or to consider it only for limited purposes may cure errors arising from improper admission of such evidence." *United States v. Green*, 648 F.2d 587, 593 (9th Cir.1981). Here, the court took steps to ensure that the jury would not focus on the emotional aspects of Akin's possession of the drug paraphernalia.

Overall, the record demonstrates that the probative value of the pipe, scale, and syringe was not substantially outweighed by the danger that the introduction of these items would unfairly prejudice Akin. Thus, the district court did not abuse its discretion by admitting this evidence.

The judgment of conviction is

**AFFIRMED.**