**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50331 |
| Plaintiff - Appellee, | D.C. No. 5:06-cr-00075-SGL |
| v. | |
| MATTHEW CARL BERRY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted November 10, 2011[**]
Pasadena, California

Before: TALLMAN and MURGUIA, Circuit Judges, and ROSENTHAL, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for Southern Texas, sitting by designation.

Matthew Carl Berry appeals his jury convictions for conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and willfully filing false tax returns in violation of 26 U.S.C. § 7206(1). Berry argues that five procedural errors at trial warrant reversal. Because Berry failed to object at trial to each of the asserted deficiencies, we review for plain error. *See United States v. Greer*, 640 F.3d 1011, 1017-18 (9th Cir. 2011); *United States v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010); *United States v. Banks*, 514 F.3d 959, 975-76 (9th Cir. 2008); *United States v. Shwayder*, 312 F.3d 1109, 1120 (9th Cir. 2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

The district court did not plainly err in permitting the government to impeach Berry with "extrinsic evidence" suggesting that Berry remained involved in the tax fraud scheme even after his indictment. Federal Rule of Evidence 404(b) states that the government may introduce "other acts" evidence "provided that upon request by the accused, [the government] shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

We assume without deciding that the evidence in question was "other acts" evidence subject to Rule 404(b). Because the evidence came from a defense witness, the government was unaware of it until after trial had commenced and at most a few days before the witness testified. Before the witness took the stand, the prosecutor announced that he intended to cross-examine about whether the witness's tax returns were prepared by Berry and whether they were fraudulent. This notice, given six days before Berry's cross-examination, was sufficient to describe the "general nature of the evidence of extrinsic acts." Fed. R. Evid. 404(b), advisory committee note (1991). In this context, we cannot say the district court plainly erred in admitting the evidence.

## II

The district court did not plainly err in allowing the government to ask Berry if other witnesses were mistaken in their testimony. We recently observed that this court has "not yet addressed whether it is improper for the prosecutor to ask the defendant . . . if a witness testified inaccurately." *Greer*, 640 F.3d at 1023. Because neither the Supreme Court nor this court has yet ruled on this question, "even assuming the district court erred by allowing this questioning, the error was not so clear-cut, so obvious, a competent district judge should [have] be[en] able to

3

avoid it without benefit of objection." *Id.* (quotation marks omitted and alterations in original). Therefore, the district court did not plainly err in permitting these inquiries.

## III

Any vouching that took place does not constitute plain error. "Improper vouching occurs when the prosecutor places the prestige of the government behind the witness by providing personal assurances of the witness's veracity." *Wright*, 625 F.3d at 610 (quotation marks omitted).

Berry claims the prosecutor vouched for the testimony of a government witness by asking Berry, "If I told you that's what Mr. Lewis testified at trial, would you say he is mistaken?" The prosecutor arguably placed some personal weight behind the witness's testimony, but its effect, if any, was negligible. We doubt this rises to the level of improper vouching.

Regardless, any vouching was harmless. When reviewing for plain error, we "balance the seriousness of the vouching against the strength of the curative instruction and closeness of the case." *United States v. Combs*, 379 F.3d 564, 575 (9th Cir. 2004) (quotation marks omitted). First, the district court gave a curative instruction before jury deliberation that "arguments and statements by lawyers are

4

not evidence." Second, this was not a close case. The government presented substantial independent evidence that Berry knowingly assisted the tax business in filing false tax returns. Any vouching therefore was not reversible error.

IV

The district court erred in permitting the government to ask guilt-assuming hypotheticals during cross-examination of Berry's character witnesses. We have recognized that "it is error for the prosecution to ask questions on cross-examination that assume the defendant's guilt of the precise acts for which he is on trial." *Shwayder*, 312 F.3d at 1120.

The prosecutor's questions to Walker and the Shaws were improper because they asked the witnesses to assume Berry was guilty of one of the means of the conspiracy charged in the indictment. Although the hypotheticals posed to the Shaws assumed merely evidence of guilt, as opposed to actual guilt, the questions nonetheless predictably induced them to assume as fact that Berry had helped his daughter, Karen Berry, commit welfare fraud. Because these hypotheticals were in effect guilt-assuming, the district court erred in permitting them.

Notwithstanding this error, Berry has not shown that it affected the outcome of the proceedings. Whatever harm these hypotheticals might have inflicted on

5

Berry's credibility was likely eclipsed by the harm wrought by Berry's own testimony. For example, even though three witnesses testified that they met with Berry for their taxes and identified him in court, Berry denied meeting them. He also admitted that he falsely certified forms in support of his daughters' applications for public benefits. Further, to repeat, the government advanced considerable independent evidence of Berry's guilt. We therefore conclude that although the guilt-assuming questions were improper, they do not warrant reversal.

V

The district court did not err by admitting evidence concerning Berry's past gambling activities, his reputation as being detail-oriented, and his general level of mental toughness and ability to stand up to his wife. Where the government offers evidence not to prove "action in conformity therewith," Fed. R. Evid. 404(a), but as direct evidence of the charged offense, the evidence is not inadmissible character evidence. *E.g.*, *United States v. Moorehead*, 57 F.3d 875, 878 (9th Cir. 1995) (testimony that defendant owned a gun was not character evidence but direct evidence of possession of firearm by a felon).

Furthermore, Federal Rule of Evidence 404(a)(1) provides that "character evidence is admissible when offered by the prosecution to rebut [e]vidence of a

6

pertinent trait of character offered by an accused." *United States v. Mendoza-Prado*, 314 F.3d 1099, 1105 (9th Cir. 2002) (quotation marks omitted and alteration in original). "[W]hen the defendant 'opens the door' to testimony about an issue by raising it for the first time himself, he cannot complain about subsequent government inquiry into that issue." *Id.* (quoting *United States v. Hegwood*, 977 F.2d 492, 496 (9th Cir. 1992)) (alteration in original).

Evidence of Berry's past gambling was properly admitted because it was offered not to prove that he acted in conformity therewith when he engaged in fraud, but as foundational evidence supporting the charge that he filed false tax returns by, *inter alia*, misreporting gambling winnings.

Evidence of Berry's attention to detail and assertive personality was admissible as rebuttal character evidence. At trial, Berry portrayed himself as a hard-working and aloof man who deferred to his wife to handle the family's tax business and finances. Consequently, the district court did not err in admitting the rebuttal evidence.

VI

Nor did the cumulative effect of the asserted errors above prejudice Berry. *See United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996). Even

cumulatively weighed, the possible vouching and guilt-assuming hypotheticals were harmless in light of the independent strength of the government's case. In particular, the cumulative error does not undermine the key testimony of several witnesses who directly observed Berry supervise and carry out the preparation of false audit documents, or the documentary evidence of Berry's inculpatory bank withdrawals and false tax returns.

Because reversal is not warranted by any of the foregoing asserted errors, weighed individually or cumulatively, Berry's convictions stand.

AFFIRMED.