SHWARTZ, Circuit Judge,
concurring in part and dissenting in part.
I agree with my colleagues that the District Court properly denied the motion to suppress and that the Government’s comments in its rebuttal summation concerning fingerprint evidence were improper. We part company, however, because even if the evidence of Brown’s use of straw purchasers was improperly admitted,[1] I would nonetheless conclude that the *298 error was harmless. Thus, I respectfully concur in part and dissent in part.
This Court has held that “[w]here evidence is improperly admitted, reversal is not required where it is highly probable that the error did not contribute to the judgment.” United States v. Berrios, 676 F.3d 118, 131 (3d Cir.2012) (quotation marks omitted); United States v. Cunningham, 694 F.3d 372, 392 (3d Cir.2012) (an error is deemed harmless unless the Court has a “sure conviction that the error did not prejudice the defendant” (quotation marks omitted)). When measured against the evidence presented, I would conclude that it is highly probable that any error did not contribute to the judgment.
First, four detectives testified that they saw Brown in his car, reach in the area of his waistband, and then move in a way consistent with reaching under his seat. Second, the gun was found partly tucked under that seat. While the gun may not have been seen in Brown’s hand, Maj. Op. at 294, it was precisely where the detectives saw him reach. Third, the gun was visible to those outside of the car and hence was very likely visible to one seated inside it. Fourth, the prior bad act evidence, which involved conduct different from the conduct charged, was admitted in a short statement and offered in a very sanitized way.[2] The jury was not exposed to any of the details that the Majority describes regarding Brown’s statement to the Bureau of Alcohol, Tobacco, Firearms, and Explosives about his arrangement to use one of his drug customers to buy him guns in exchange for drugs. Rather, the jury was told only that “the defendant acknowledges using straw purchasers/third parties to purchase firearms for him in the past.” App. 683. Fifth, the limited evidence that the jury heard was presented only because of, and to refute, Brown’s defense[3] and it was not harped on, as it was mentioned only once during closing argument. Cf. United States v. Smith, 725 F.3d 340, 344 (3d Cir.2013) (noting that the Government repeatedly referred to the defendant’s prior bad acts in summation). Thus, the evidence in this constructive possession case was strong and it is highly probable that the single reference to Brown’s prior use of others to purchase firearms for him did not contribute to the judgment. As the prior bad act evidence did not prejudice Brown, the admission of the evidence was harmless and I would therefore affirm the judgment.[4]
Accordingly, I respectfully concur in part and dissent in part.

. Because I believe that any error in admitting the prior bad act evidence was harmless, I would not reach the closer question of whether admission of the evidence violates Fed.R.Evid. 404(b). I note, however, that Rule 404(b)(2) does not bar all evidence that could also lead to an inference of propensity. If it did, then the cautionary instruction that trial courts must deliver upon request under Huddleston v. United States, 485 U.S. 681, 691-92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), to ensure that that the evidence is not used for an improper propensity purpose would be unnecessary. In this case, even though the evidence could demonstrate a propensity for using others to buy guns for Brown, I believe the evidence had a proper purpose under Rule 404(b)(2) — namely, to refute Brown's defense that his girlfriend purchased the gun for herself and that he did not know she left it in the car, and thereby show Brown knew of the gun’s presence in the car and that it was not there by mistake. Cf. United States v. Moorehead, 57 F.3d 875, 878 (9th Cir.1995) (permissible admitting testimony that a witness observed the defendant with the same gun in the past to rebut a defense witness’s claim that she placed the gun under the seat).

. I agree with my colleagues that packaging evidence in a stipulation does not immunize it from the careful weighing that we require under Fed.R.Evid. 403, but we should nonetheless examine how the evidence was presented, used, and compared with the other evidence offered when conducting a harmless error analysis.

. Furthermore, the prior use of straw purchasers was not the Government's only method of impeaching Brown’s girlfriend. On cross-examination, the Government elicited that she had not been truthful about her employment on her gun permit, she was not familiar with guns, and she had told Brown’s probation officer she did not own a gun.

.The Government’s improper comments during summation do not change the result, in light of the strong evidence of Brown's guilt and the District Court's nearly contemporaneous instruction that the summations were merely argument that the jury could not treat as evidence.