**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10572 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00283-RCJ-PAL-5 |
| v. | |
| JACOREY TAYLOR, AKA Mo-B, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted June 8, 2015
San Francisco, California

Before: SILVERMAN, GOULD, and HURWITZ, Circuit Judges.

Jacorey Taylor appeals his convictions for 1) conspiracy to engage in a

racketeering influenced corruption organization, 18 U.S.C. § 1962(d); 2) violent

crime in aid of racketeering, 18 U.S.C. §§ 1959(a)(1) & (2); 3) use of a firearm

during a crime of violence, 18 U.S.C. § 924(c)(1); 4) conspiracy to engage in drug

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

trafficking, 21 U.S.C. § 846; and 5) two counts of possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1) & (b)(1)(C)(iii). We **AFFIRM**.

1.      **Motion for Judgment of Acquittal**

Where, as here, the defendant did not renew his Federal Rule of Criminal Procedure 29 motion for judgment of acquittal following the close of his own case, we review the denial of that motion for plain error. *United States v. Cruz*, 554 F.3d 840, 844 (9th Cir. 2009); *United States v. Patton*, 771 F.2d 1240, 1243 (9th Cir. 1985). Taylor's main argument is that defense witnesses testified to his innocence. On a Rule 29 motion, however, the court must construe the evidence in the light most favorable to the government. *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir. 2003).

Resolving all credibility issues in the government's favor, it is clear that the district court did not err in denying Taylor's motion. Without even looking to Taylor's many admissions of guilt during his testimony, the testimony of the government's numerous witnesses provided more than sufficient evidence from which a rational juror could find the Playboy Bloods are a RICO enterprise, Taylor joined the enterprise with knowledge of its purpose and that at least two predicate acts would be committed, there was a nexus between the predicate acts and the

activities of the enterprise, and Taylor was present with a gun when Billy Ray Thomas was murdered.

## 2.    Evidentiary Rulings

We review a district court's admission of evidence for abuse of discretion when the defendant timely objected and for plain error when he raised the objection for the first time on appeal.[1] *United States v. Hieng*, 679 F.3d 1131, 1135 (9th Cir. 2012).

Taylor objected to Agent Shields' testimony that Jessie James Cooper told him Cooper and Taylor had discussed Taylor's robbery of the Gold Rush casino in Henderson and desire to rob other casinos as well. The district court admitted this evidence not as prior bad acts but rather only as proof of Cooper's prior inconsistent statements after Cooper testified he did not know who committed the Klondike casino robbery with him and that the person he knew as "Corey" was not Taylor. It was not introduced for the truth of the matter asserted – nor should it have been – nor does Taylor make a hearsay argument on appeal. Furthermore, the

---

[1]Taylor waived any objection to evidence he shot a man named Rendell Bright by raising the issue first. *Ohler v. United States*, 529 U.S. 753, 755-56 (2000); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 954 (9th Cir. 2011).

judge gave a limiting instruction to the jury that the evidence could only be considered for impeachment.

Taylor did not object on Federal Rule of Evidence 404(b) grounds to the rest of the evidence he now contends was erroneously admitted. None of that evidence was admitted as character evidence, but rather as direct proof of the existence of the RICO enterprise, its method of operation, and the predicate acts of racketeering activity charged in the indictment. The evidence was therefore highly relevant to the RICO count, not unduly prejudicial, and not unfair character evidence. Its admission was not in error. *United States v. Moorehead*, 57 F.3d 875, 878 (9th Cir. 1995); *United States v. Robertson*, 15 F.3d 862, 871 (9th Cir. 1994), *reversed on other grounds by* 514 U.S. 669 (1995); *United States v. Baker*, 10 F.3d 1374, 1413 (9th Cir. 1993), *overruled on other grounds by Apprendi v. New Jersey*, 530 U.S. 466 (2000).

### 3. Jury Instructions

We review the legal accuracy of a jury instruction *de novo*. *United States v. Knapp*, 120 F.3d 928, 930 (9th Cir. 1997). We review a district court's precise formulation of jury instructions for abuse of discretion. *United States v. Long*, 301 F.3d 1095, 1104 (9th Cir. 2002) (per curiam).

Although the district court erred in giving the *Pinkerton* instruction as to the substantive drug trafficking offenses charged in Counts 17 and 18 because Taylor was not charged in those counts with conspiracy, the error was harmless. *United States v. Nakai*, 413 F.3d 1019, 1023 (9th Cir. 2005), *cert. denied,* 546 U.S. 995 (2005); *see also Pinkerton v. United States*, 328 U.S. 640 (1946). The evidence overwhelmingly showed that Taylor committed the substantive offenses as a principal and/or aider and abetter. Taylor admitted Count 18 on the witness stand and the government presented damning and unrebutted evidence – including audio recordings from a wire worn by an informant – demonstrating that Taylor at the very least aided and abetted the drug sale charged in Count 17.

Taylor abandoned any argument that the district court erred in refusing to give his four requested instructions by failing to articulate until his reply brief why he believes the district court erred. Fed. R. App. P. 28(a)(8)(A); *United States v. Berber-Tinoco*, 510 F.3d 1083, 1089 n.2 (9th Cir. 2007); *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997).

**4.    Dismissal of Juror**

We review the dismissal of a juror during deliberations for abuse of discretion. *United States v. Symington*, 195 F.3d 1080, 1085 (9th Cir. 1999). "[T]he district court [is] in the 'best position' to evaluate the jury's ability to

deliberate[.]" *United States v. Beard*, 161 F.3d 1190, 1193 (9th Cir. 1998) (citing *United States v. Ross*, 886 F.2d 263, 267 (9th Cir. 1989)). "Under the abuse-of-discretion standard, we must affirm unless we are 'left with the definite and firm conviction that the [district] court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.'" *United States v. Egbuniwe*, 969 F.2d 757, 761 (9th Cir. 1992) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

The district court conducted a sufficient inquiry into Juror #3's ability to deliberate and the evidence showed she could not because she could not understand the law governing the case. There was no evidence indicating the juror's conflict with the other jurors stemmed from her view of the merits of the case and no evidence before the court regarding what her views of the merits were. The court did not abuse its discretion in finding good cause existed to dismiss Juror #3. Fed. R. Crim. P. 23(b)(3); *Symington*, 195 F.3d at 1085; *United States v. Walsh*, 75 F.3d 1, 4-5 (1st Cir. 1996).

In accordance with Federal Rule of Criminal Procedure 24(c)(3), the court instructed the reconstituted jury to begin its deliberations anew and the fact that the jury returned a guilty verdict several hours later is no indication it failed to do so.

"A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

**AFFIRMED**.