**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10537 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cr-00377-HDM-CWH-1 |
| v. | |
| TAJH DION WEATHERSPOON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted April 15, 2019[**]
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and VRATIL,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathryn H. Vratil, United States District Judge for the
District of Kansas, sitting by designation.

Tajh Weatherspoon ("Weatherspoon") appeals his felon in possession of a firearm conviction, claiming the court erred in admitting evidence against him. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. There was no abuse of discretion under Rule 404(b) of the Federal Rules of Evidence in admitting a video clip and images that a jury reasonably could conclude show Weatherspoon in possession of the firearm here at issue less than two months before his arrest. The evidence was relevant to the issues of knowledge and control, and, to the extent offered to show Weatherspoon continued to possess the firearm for a period of several weeks, is direct evidence of the crime charged. *See United States v. Moorehead*, 57 F.3d 875, 878 (9th Cir. 1995). Further, in light of the evidence's probative value and the court's limiting instructions, the court did not abuse its discretion under Rule 403.

2. There was no plain error in failing to exclude the arresting officer's body camera footage or give a jury instruction regarding the inadvertent deletion of another officer's body camera footage. Weatherspoon offers no colorable argument that the arresting officer's footage is itself inadmissible and does not articulate what instruction the court should have given. Moreover, any error did not affect Weatherspoon's substantial rights or undermine the integrity of the trial. S*ee Johnson v. United States*, 520 U.S. 461, 466–67 (1997). Indeed, Weatherspoon does not

challenge the arresting officer's testimony detailing the interaction captured on his body camera footage, and Weatherspoon's trial counsel inquired into the deletion of the other officer's footage, as well as the interaction captured thereon, during cross-examination.

**AFFIRMED.**