**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dean LaFROMBOISE, Defendant–
Appellant.**

**No. 96–30079.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 1996.

Decided Jan. 24, 1997.

Chris J. Nelson, Nelson & Gai, Billings, MT, for defendant-appellant.

James E. Seykora and Robert J. Brooks, Assistant United States Attorneys, Billings, MT, for plaintiff-appellee.

Before: JOHN T. NOONAN, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Pursuant to a conditional plea agreement, Dean LaFromboise pleaded guilty to knowingly possessing a sawed off shotgun which had not been registered to him, in violation of 26 U.S.C. § 5861(d). On appeal, LaFromboise argues the district court erred by denying his motion to suppress the sawed off shotgun. LaFromboise also argues the district court violated the double jeopardy clause by ordering his sentence for the section 5861(d) offense to run consecutively with another firearm offense in a separate criminal action.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## FACTS

On November 4, 1994, LaFromboise was a passenger in a car. Police officers ordered LaFromboise out of the car and arrested him. The officers then searched the car and found the sawed off shotgun in a duffel bag.

A superseding indictment charged LaFromboise with three counts of unlawfully receiving or possessing explosives, in violation of 18 U.S.C. § 842(i)(1); three counts of knowingly receiving stolen explosives, in violation of 18 U.S.C. §§ 842(h), 844(a); and knowingly possessing the unregistered shotgun, in violation of 26 U.S.C. § 5861(d).

In a separate criminal case, LaFromboise was charged with conspiracy to possess and distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846; possession of these controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and two counts of carrying or using a firearm during the drug trafficking offenses, in violation of 18 U.S.C. § 924(c)(1). In this separate drug case, a jury convicted LaFromboise on all counts.

In the present action, LaFromboise moved the district court to suppress the shotgun. After a suppression hearing, the district court denied the motion. LaFromboise then pleaded guilty to knowingly possessing the unregistered shotgun, in violation of section 5861(d), and the district court sentenced him to 33 months to run consecutively with the sentence imposed in the separate drug case for the section 924(c)(1) offense. LaFromboise now appeals.

## DISCUSSION

### A. Search of the Car

■ LaFromboise first argues the district court erred by refusing to suppress the shotgun. We disagree.

There is no question that the search of the car was contemporaneous with LaFromboise's arrest. The officers searched the car immediately after arresting LaFromboise. The officers, therefore, could properly search the car as incident to LaFromboise's arrest. *United States v. Moorehead,* 57 F.3d 875, 877–78 (9th Cir.1995).

### B. Double Jeopardy

■ LaFromboise next argues the district court violated the double jeopardy clause by ordering his sentence for the section 5861(d) offense, imposed in the present case, to run consecutively with his sentence for the section 924(c)(1) offense, imposed in the separate drug case. We review de novo the legality of a sentence. *United States v. Stafford,* 831 F.2d 1479, 1480 (9th Cir.1987). The consecutive sentence does not violate the double jeopardy clause.

■ The factual basis for each firearm offense was LaFromboise's possession of the firearm. Congress, however, may impose multiple punishments for the same conduct without violating the double jeopardy clause if there are two separate offenses. *United States v. Mathews,* 36 F.3d 821, 823 (9th Cir.1994). The double jeopardy clause is not violated if "each [offense] requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *see also Math-*

*ews,* 36 F.3d at 823; *United States v. Wright,* 79 F.3d 112, 114 (9th Cir.1996).

Section 924(c)(1) is violated if a person, "during and in relation to any ... drug trafficking crime ... uses or carries a firearm." 18 U.S.C. § 924(c)(1). Section 5861(d) provides that it shall be unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d).

The elements for the two offenses are distinct. Section 924(c)(1) requires proof that LaFromboise used or carried the firearm during a drug trafficking crime. Section 5861(d) requires proof that LaFromboise possessed a firearm, specially defined by section 5845, that was not registered to him. *Cf. Mathews,* 36 F.3d at 823; *United States v. Martinez,* 49 F.3d 1398, 1403 (9th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 749, 133 L.Ed.2d 696 (1996). The consecutive sentences, therefore, do not violate the double jeopardy clause.

AFFIRMED.