**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ruben PLAZA–UZETA, aka Ruben
Franco–Plaza, Defendant–
Appellant.**

No. 07–10152.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2008.

Filed June 10, 2008.

Lisa Jennis Settel, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Atmore L. Baggot, Esq., Atmore Baggot Attorney at Law, Apache Junction, AZ, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Ruben Plaza–Uzeta ("Plaza") appeals his conviction and sentence for conspiracy to commit hostage taking, hostage taking, conspiracy to harbor illegal aliens, harboring illegal aliens, and possessing or using a firearm in connection with a crime of violence. We affirm.

■ Plaza argues that the district court erred in denying his request that new counsel be appointed to replace his previously appointed counsel. The record does not make clear the basis for this request. There is a reference to a letter written to the court by Plaza, but that letter is not included within the record. The reasons for the request were never explained. To be sure, the district court should have made a better record and inquired into Plaza's relationship with his attorney. Its failure to do so deprives this court of a record from which to determine whether there was, in fact, a conflict severe enough to justify appointment of substitute counsel. *See United States v. D'Amore,* 56 F.3d 1202, 1205 (9th Cir.1995), *overruled in irrelevant part by United States v. Garrett,* 179 F.3d 1143, 1145 (9th Cir.1999). Under the circumstances, though, reversal is not warranted here. Plaza argues that the district court should have realized that he had a conflict with his attorney, but even on appeal the basis for the purported conflict is not evident. The fact that Plaza requested new counsel does not demonstrate adequate grounds for appointment of substitute counsel, and Plaza had multiple opportunities to state the basis for his request. The conflict, if any, does not appear to have been "so great that it resulted in a total lack of communication preventing an adequate defense." *United States v. Mills,* 597 F.2d 693, 700 (9th Cir.1979); *see also United States v. Cassel,* 408 F.3d 622, 638 (9th Cir.2005). Plaza and his counsel conferred and communicated throughout the proceedings. *See United States v. Schaff,* 948 F.2d 501, 505 (9th Cir.1991). Plaza later decided to rescind his *Faretta* waiver, *see generally Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and re-accept his attorney as counsel of record simply because he felt he would otherwise have inadequate library access. If there had been a severe enough conflict to merit reversal, it would be expected that he would have at least voiced his frustration at being forced to work with an attorney with whom he had a supposedly irreconcil-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

able conflict. Absent any evidence that the defendant made some claim of conflict, we cannot conclude that the district court was required to conduct any further inquiry.[1]

■ The district court did not abuse its discretion in denying Plaza's motion, made on short notice and immediately before the trial was to begin, for transfer to a federal facility to improve his access to library materials. That request posed practical difficulties which the court was entitled to consider. Plaza was afforded constitutionally adequate access to legal materials because his standby counsel was available to respond to his requests for research materials and was instructed by the court to do so. *See Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Sands v. Lewis,* 886 F.2d 1166, 1171 (9th Cir.1989). Plaza's argument that standby counsel would have been unable to bring him specific books is inapposite because *Bounds* requires only that the assistance be adequate, not that it conform to the particular desires of the defendant. 430 U.S. at 828, 97 S.Ct. 1491. Thereafter, rather than obtaining a ruling on his pending motion for a continuance of trial and attempting to take advantage of the materials available to him while in the state facility, Plaza instead elected to rescind his *Faretta* waiver and re-accept appointed counsel. That was his choice. While the lack of immediate access may have prompted Plaza to rescind his *Faretta* waiver, it did not make that choice involuntary. Accordingly, the district court did not violate Plaza's Sixth Amendment rights when it denied his motion for transfer to a federal facility.

■ The district court did not violate Plaza's Sixth Amendment right by granting his motion to represent himself without conducting the usual colloquy to ensure that his waiver was knowing and intelligent. The district court had covered that territory when it engaged in a lengthy and detailed *Faretta* hearing just fifteen days earlier, at which it found that Plaza had knowingly and intelligently decided to represent himself. It cannot be presumed that Plaza forgot the charges against him, his sentencing exposure, or the dangers of proceeding *pro se* during the intervening fifteen-day period, much of which was taken up by trial of those very charges. Accordingly, the district court did not violate Plaza's Sixth Amendment rights when it granted his motion to represent himself.

■ Punishing a defendant for both a substantive crime and a conspiracy to commit that crime does not violate the Double Jeopardy Clause. *United States v. Saccoccia,* 18 F.3d 795, 798 (9th Cir.1994); *United States v. LaFromboise,* 105 F.3d 512, 513–14 (9th Cir.1997) (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). The conspiracy and substantive offenses were separate offenses, and the district court did not err in sentencing Plaza for both.

■ The district court also did not clearly err when it implicitly found that Plaza was a leader or organizer and explicitly found that there were fifty-six victims. Accordingly, the district court did not abuse its discretion in applying a four-level increase pursuant to U.S.S.G. § 3B1.1(a) or a five-level increase pursuant to

---

1. Our ruling does not limit Plaza's ability to pursue a claim of ineffective assistance of counsel on habeas review, where such claims are generally addressed. Because Plaza's claim that substitute counsel should have been appointed for him appears to require gathering evidence beyond the existing record, our current decision is without prejudice to renewing that claim on collateral review. *See Schell v. Witek,* 218 F.3d 1017, 1025–27 (9th Cir.2000).

U.S.S.G. §§ 3D1.2(a) and 3D1.4(a). *See United States v. Govan,* 152 F.3d 1088, 1095–96 (9th Cir.1998); *United States v. Melchor–Zaragoza,* 351 F.3d 925, 927 (9th Cir.2003).

**AFFIRMED.**

**AFFIRMED.**

---

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.